IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

RAY THOMAS,

    Appellant,

v.

PEOPLE OF THE VIRGIN ISLANDS,

    Appellee.

D.C. Crim. App. No. 2003-12

Re: Super. Ct. Crim. No. 298/00

Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: The Honorable Brenda J. Hollar

Considered: August 7, 2009
Filed: August 10, 2009

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **JUAN R. SÁNCHEZ**, Judge of the District Court of the Eastern District of Pennsylvania, sitting by designation; and **JULIO A. BRADY**, Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.

APPEARANCES:

Joseph Caines, Esq.
St. Thomas, U.S.V.I.
    *For the appellant,*

Tiffany V. Robinson, Esq.
St. Thomas, U.S.V.I.
    *For the appellee.*

**MEMORANDUM OPINION**

In January 2003, Ray Thomas appealed his conviction in the Superior Court of the Virgin Islands[1] for second and third degree assault in connection with domestic violence. A panel of this Court considered Thomas's appeal in July 2006. The appeal is pending.

In May 2009, before the Court ruled on Thomas's appeal, his counsel filed a motion to abate Thomas's conviction. In the motion, his counsel states that Thomas died on November 7, 2007. The government did not respond to the motion.

In June 2009, a single judge of this Court held a status conference with the parties to address Thomas's motion. At that status conference, Thomas's counsel reiterated his position that Thomas's conviction should be abated in light of his death. The government asserted that it had no objection to an abatement of Thomas's conviction. In July 2009, the government filed an "Informational Notice," indicating that it had received a copy of Thomas's death certificate and restating that it did not oppose the motion to abate.

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

"The abatement rule is grounded in procedural due process concerns. When a defendant dies pending an appeal, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence." *United States v. Demichael*, 461 F.3d 414, 416 (3d Cir. 2006) (quotation marks and citation omitted). Thus, "where a convicted criminal defendant dies after filing an appropriate appeal, the conviction will be abated and the case remanded to the [trial] court with instructions to dismiss the [charging document]." *United States v. Christopher*, 273 F.3d 294, 297 (3d Cir. 2001). "[A]ll criminal forfeitures and fines, except for restitution payments, are subject to abatement." *Demichael*, 461 F.3d at 416 (citing *Christopher*, 273 F.3d at 297).

Here, because Thomas died after filing this appeal but before it was decided on the merits, his conviction, along with any forfeitures or fines, must be abated.[2] Accordingly, we will

---

[2] Although this disposition obviates the need for us to address the merits of Thomas's appeal, we are compelled to comment briefly on the prosecutor's conduct during the trial proceedings, which is one of the issues Thomas submitted for our review. During closing argument, over Thomas's objections, the prosecutor described Thomas as a cold-hearted and vicious person, a snake, a coward, a shark and the devil. The prosecutor also referred to Thomas's "fifty-three years of evil." In addition, while referring to Thomas, the prosecutor stated: "Mr. St. Thomas who cannot be prosecuted when accused by a Santo Domingan" and "a

dismiss this appeal and remand the case to the Superior Court with instructions to vacate the judgment and dismiss the information against Thomas. *See United States v. Koblan*, 478 F.3d 1324, 1326 (11th Cir. 2007) (per curiam). An appropriate order follows.

---

Sant[o] Domingan can't get justice in St. Thomas court."

    We are deeply troubled by the prosecutor's statements. The prosecutor essentially conjured up every malicious image possible to characterize Thomas; cast aspersions on his conduct throughout his entire life that had no bearing on the facts of the case; assailed his faith in the Virgin Islands criminal justice system; and suggested, with no apparent basis, that Thomas believed that he could commit a crime with impunity. The perniciousness of the prosecutor's comments is especially great in light of the fact that Thomas took the stand in his own defense. *See United States v. Morena*, 547 F.3d 191, 196 (3d Cir. 2008) ("In such a case, improper suggestions and insinuations 'are apt to carry much weight against the accused when they should properly carry none.'" (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

    To our great consternation, statements such as the ones made by the prosecutor in this matter are increasingly common. Indeed, many recent appeals have challenged similar statements or conduct. Such statements and conduct are not merely improper. They are manifestly unethical and demeaning to the legal profession. Simply put, they have no place in the courts of the Virgin Islands, or in any court for that matter.